THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHNNY JOHNSON, Defendant-Appellant.
First District (3rd Division)   No. 62574

Opinion filed October 21, 1976.

James J. Doherty, Public Defender, of Chicago (David W. Hirschboeck, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Eugene J. Rudnick, Jr., and William J. Stacy, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Johnny Johnson, was charged by complaint with unlawful use of weapons and with failing to register as a State firearm's owner in violation of sections 24—1(a)(10) and 83—2(a) of the Illinois Criminal Code. (Ill. Rev. Stat. 1975, ch. 38, pars. 24—1(a)(10) and 83—2(a).) After a bench trial, defendant was found guilty on both charges and received concurrent 30 day sentences. Defendant was also charged with failing to register as a City firearm's owner in violation of section 11—1.7 of the Chicago Municipal Code, but this charge was ordered dismissed by the trial court.

Defendant now appeals and contends as follows: (1) the complaint failed to charge an offense because it failed to allege that defendant carried a loaded firearm; (2) the trial court erred in denying defendant's motion to suppress; and (3) the conviction for failure to register as a State firearm's owner should be reversed because it was the result of an illegal search.

We affirm.

Prior to trial, defendant filed a motion to suppress. At the hearing on this motion, Officer William Zielinski testified that in the late evening on July 2, 1975, he received a call over his radio informing him of a man with a gun at 3848 W. Gladys Avenue in Chicago, Illinois. Officer Zielinski and his partner, Officer Caparelli, proceeded to the above location where the lady who had called the police pointed to defendant and his companion and stated "They have guns." Zielinski then approached defendant Johnson and Officer Caparelli approached defendant's companion. Zielinski testified that he asked defendant if he could conduct a protective search and defendant replied in the affirmative.

Defendant testified at the motion to suppress that Officer Zielinski first searched defendant's companion and then searched defendant; that Officer Zielinski said nothing to defendant before searching him; and that during this time Officer Caparelli was searching the grass with his flashlight. After hearing the above testimony of Officer Zielinski and defendant, the trial court denied the motion to suppress.

At trial it was stipulated that the gun offered into evidence was taken from the defendant and that defendant was given his *Miranda* warnings. Officer Zielinski testified at trial that when he took the weapon from defendant it contained six .22 caliber bullets and defendant stipulated to the chain of custody of these bullets. Officer Zielinski further testified at trial that he asked defendant if he had a State firearm's card and that

defendant replied in the negative. After Officer Zielinski's testimony, the State rested its case.

After hearing arguments by defense counsel and the State, the trial court sustained a motion by defendant for a directed finding on the charge of failing to have a gun registered in the City in violation of section 11—1.7 of the Chicago Municipal Code. The trial court denied the same motion concerning the charge of a violation of section 83—2(a) of the Criminal Code. Defendant's counsel then stated he had a motion to dismiss at which point the State moved to amend the complaint which charged defendant with violating section 24—1(a)(10) of the Criminal Code. The complaint as originally filed read as follows:

> "* * * committed the offense of unlawful use of weapon in that he knowingly and unlawfully carried on or about his person a firearm to-wit a 22 cal Senorita revolver serial number 21054 in a place not his home or place of business within the corporate limits of the City of Chicago in violation of Chapter 38, Section 24—1(a)(10) Illinois Revised Statutes."

The State's proposed amendment sought to add the word "loaded" in front of the word "firearm." Although acknowledging that the complaint was defective, the trial court deemed the defect one of form rather than substance and stated that in such a case the complaint could be amended at any time to conform the pleadings to the proof. The trial court then granted the State's motion to amend the complaint and entered a finding against the defendant on both the charges of unlawful use of weapons and failure to register as a State firearm's owner.

Defendant then filed a post-trial motion asking that a new trial be granted and arguing in pertinent part that the trial court erred in denying the motion to suppress and in allowing the State to amend the complaint. The trial court denied the post-trial motion and this appeal follows.

Defendant argues that the complaint before amendment was defective because it failed to charge an offense and that it was error for the trial court to deny defendant's motion to dismiss and to allow the State's motion to amend.

■■ In the instant case the complaint before amendment failed to allege that the firearm was loaded. The State argues that as such the complaint contained a mere formal defect and that under section 111—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—5) which allows amendment at any time to cure formal defects, the trial court did not err in allowing the State to amend. It is true that if the unamended complaint, which did not allege that the gun was loaded, was defective in a matter of form only then section 111—5 of the Code of Criminal Procedure would permit an amendment at any time. However, the complaint before amendment failed to allege any offense and, as such, was defective in a substantive manner. (*People v. Allen* (1972), 8 Ill. App.

3d 176, 289 N.E.2d 467.) Thus, section 111—5 of the Code of Criminal Procedure provides no authority for an amendment of the instant complaint.

The State further argues that *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, is somewhat analogous to the instant case. Pujoue was convicted of unlawful use of weapons in violation of section 24—1(a)(10) of the Criminal Code and for the first time on appeal raised the question of the sufficiency of the complaint due to its failure to allege that the gun was loaded. Affirming Pujoue's conviction, the Illinois Supreme Court stated:

> "When attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Grant*, 57 Ill. 2d 264; *People v. Harvey*, 53 Ill. 2d 585." (61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.)

Finding that it was apparent from the record that defense counsel treated the complaint as a violation of 24—1(a)(10) and that the complaint was sufficient to plead in bar of prosecution, the Supreme Court affirmed Pujoue's conviction.

However, *Pujoue* is clearly distinguishable from the instant case. As much is indicated by the following statement in *Pujoue*:

> "We are not here presented the question and we do not decide whether this complaint could withstand a pretrial motion filed pursuant to section 114—1 or a motion in arrest of judgment filed pursuant to section 116—2 of the Code of Criminal Procedure. While we do not approve of any failure to comply strictly with the explicitly stated requirements of section 111—3 of the Code of Criminal Procedure, the sufficiency of a complaint attacked for the first time on appeal must be determined by a different standard, and we do not agree with the appellate court that failure to allege an element of the offense in the complaint, *per se*, rendered it void." (61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.)

In the instant case after the State rested its case, defendant moved to dismiss and the State then moved to amend the complaint and defendant immediately objected. Defendant further filed a post-trial motion based in part on the trial court's allowance of the State's motion to amend. Clearly, this is not a case where the sufficiency of the complaint was raised for the first time on appeal.

■■ While it is true that the complaint, before amendment, was defective in a substantive manner and that the instant case is distinguishable from *People v. Pujoue*, it is our decision that the trial court did not err in permitting the State to amend. At the initial stages of the

trial, defendant stipulated to the chain of custody of the bullets taken from the gun, a clear indication that defendant was well aware of the charges for which he was being tried and could properly prepare a defense. Furthermore, as amended, the complaint would allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. Under such circumstances, it was not error for the trial court to permit the State to amend the complaint.

■■ Defendant next contends that the trial court erred in denying his motion to suppress. We disagree. The undisputed facts in the instant case indicate that the police officers received a call over their radio informing them that there was a man with a gun at 3848 W. Gladys Avenue. Arriving at the above location, the officers encountered the lady who had called the police. This lady pointed toward defendant and his companion and told the officers, "They have guns." Clearly the police officers had reasonable grounds to fear for their own safety and were entitled to stop and frisk defendant for their own protection. (*People v. Lee* (1971), 48 Ill. 2d 272, 269 N.E.2d 488; Ill. Rev. Stat. 1975, ch. 38, par. 108—1.01.) Officer Zielinski testified that he asked defendant if he could conduct a protective search and such a limited search was justified under the circumstances. Thus, the trial court did not err in denying defendant's motion to suppress.

For the above reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.