THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARIO CAZARES, Defendant-Appellant.

First District (2nd Division)   No. 79-729

Opinion filed July 8, 1980.

Lawrence Wolf Levin and Jaimee H. Levin, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry and Barry S. Pechter, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

On March 16, 1979, after a bench trial in the circuit court of Cook County, defendant Mario Cazares (defendant) was convicted of two counts of attempt murder, two counts of armed violence, and four counts of aggravated battery. He was sentenced to serve ten years. Defendant appeals, contending that: (1) the counts of the information which charge him with armed violence fail to state a cause of action, (2) the identification testimony adduced at the trial was not credible, and the conflict of that evidence with his alibi evidence creates a reasonable

doubt as to his guilt of the crimes charged, (3) the convictions on the aggravated battery counts and on the attempt murder counts were erroneous since these offenses arose from the same course of conduct as the greater offense of armed violence, (4) the State failed to prove him guilty of attempt murder beyond a reasonable doubt, and (5) the sentence of 10 years was excessive.

On August 12, 1978, six girls between the ages of 12 and 15 were gathered in front of a residence at 3410 W. 38th Place, Chicago. At about 12:30 a.m., an assailant fired several shots at the girls, striking one of them in the buttocks and grazing another's leg. The girls rushed into the house when they realized what was occurring, while the gunman apparently fired a few more shots. The police called to the scene found utter chaos among the victims. The report filed by the investigating officer identified defendant only as a passenger in a car seen passing the area by two of the occurrence witnesses moments before the shooting broke out. It did not indicate that defendant was the gunman, even though witnesses later testified that they had then identified defendant to the police as the assailant. The police did not investigate the place from where the shots came nor did they follow up on the provided identification of defendant.

In the evening hours of August 13, 1978, defendant was detained by police officers on an unrelated matter. While he was sitting in a squad car near the area of the shooting, he was seen by some of the occurrence witnesses. They appeared at the police station, to which defendant was taken soon thereafter, and identified defendant as the gunman who had attacked them. From the material gathered, an eight-count information was drawn. Four crimes were charged to defendant as to each of the two shooting victims: two counts of aggravated battery, one count of armed violence, and one count of attempt murder.

At trial, the State called each of the six girls who had been gathered curbside the night of the shooting. The mother of two of the girls who was sitting on the porch of the residence a few feet from the group of girls at the time of the attack also testified. Of these seven occurrence witnesses, six gave similar descriptions of the location of the gunman and the actions he took during the shooting, and all six identified defendant as the gunman. Only the girl shot in the buttocks was unable to make any identification whatsoever of the assailant. All the witnesses had known defendant to some degree prior to the night of the shooting.

Defendant called his mother and sister to support the alibi to which he testified. All three indicated that defendant was home at 3028 W. 38th St. at least one-half hour before the shooting occurred, and that he did not leave the house again until the next morning.

The court found defendant guilty of all eight counts. In his post-trial motion in arrest of judgment and motion for a new trial, defendant

attacked the sufficiency of the two counts of the information charging defendant with armed violence. The court denied these motions and sentenced defendant to a single 10-year term for all eight convictions.

### I.

We first consider whether the counts of the information which charge defendant with armed violence as to each girl actually hit by a bullet fail to state a cause of action for the offense charged.

■■ When the sufficiency of the information or indictment is attacked at the trial level either by way of a pretrial motion or a motion in arrest of judgment, the instrument must comply with the explicit requirements of section 111—3 of the Code of Criminal Procedure of 1963 in order to be found valid. (Ill. Rev. Stat. 1977, ch. 38, par. 111—3; *People v. Williams* (1980), 80 Ill. App. 3d 963, 968, 400 N.E.2d 532.) This is a different rule than is applied when the instrument's sufficiency is attacked for the first time on appeal. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437.)[1] Compliance with section 111—3 is required in the instant case, since defendant made a trial-level attack upon the validity of the counts.

Defendant's present argument impliedly concedes that the counts at issue meet every test of section 111—3 with the exception that they fail to set forth the nature and elements of the offense charged. (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(a)(3).) The elements of armed violence are twofold: (1) commission of a felony (2) while armed with a dangerous weapon. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33A—2.) As amended, the counts charging defendant with armed violence contain identical language setting forth the elements of the alleged crime: "[w]hile armed with a dangerous weapon, to wit: a firearm, intentionally and knowingly without legal justification caused bodily harm to _____." Aggravated battery is committed, *inter alia*, when a person uses a "deadly weapon" while acting as set forth in the latter part of the above-quoted language. (Ill. Rev. Stat. 1977, ch. 38, pars. 12—3(a)(1), 12—4(b)(1).) A "deadly weapon" is an instrument "that is * * * capable of producing death." (*People v. Camacho* (1979), 71 Ill. App. 3d 943, 954, 389 N.E.2d 1213, quoting *People v. Fort* (1970), 119 Ill. App. 2d 350, 354, 256 N.E.2d 63, *appeal denied* (1970), 43 Ill. 2d 397.) The firearm alleged in the count is such a deadly weapon, and therefore the language of the counts adequately sets forth the felony of aggravated battery. This language also makes the requisite allegation that the felony was performed with a "dangerous weapon." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33A—1(a), (b).) While the counts do not explicitly differentiate the aggravated

---

[1] In *Pujoue*, the supreme court held that when attacked for the first time on appeal, a complaint is sufficient if it apprises the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution.

battery (felony) element from the dangerous weapon element by twice alleging that a weapon (deadly or dangerous, respectively) was used by defendant, it cannot be said that this omission is any more than a technical departure from the requirements of section 111—3(a)(3).

It is the policy of the courts to disregard mere technical objections and to only require that the indictment state the essential elements of the offense. (*People v. Ballard* (1978), 65 Ill. App. 3d 831, 835, 382 N.E.2d 800, *appeal denied* (1979), 72 Ill. 2d 583, *cert. denied* (1979), 48 U.S.L.W. 3290.) Therefore, we hold that the counts in question complied with the requirements of section 111—3 and thus adequately charged defendant of the crime of armed violence.

## II.

Defendant contends that the combination of his alibi testimony with the alleged lack of credibility of the identification evidence creates reasonable doubt that he was the assailant in the attack.

In a bench trial, the court's decision as to whether identification witnesses are credible and as to whether their identifications are positive will not be disturbed unless it is palpably erroneous. (*People v. Fabian* (1976), 42 Ill. App. 3d 934, 936-37, 356 N.E.2d 982.) The court is not required to accept the alibi testimony offered by a defendant over a positive identification of defendant. (*People v. Timms* (1978), 59 Ill. App. 3d 129, 134, 375 N.E.2d 1321.) We have reviewed the testimony of the identification witnesses and of the alibi witnesses and have determined that the trial court's findings on this matter are not so improbable as to raise a reasonable doubt of defendant's guilt. (*People v. Mays* (1980), 81 Ill. App. 3d 1090, 1099, 401 N.E.2d 1159.) We therefore hold that defendant was correctly adjudged by the court to have been the assailant in this case.

## III.

Defendant contends that the court improperly convicted him on all eight charges brought against him because the same course of conduct gave rise to each and every charge levied, so that only the greatest offense conviction can stand. This contention has merit.

In *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, the supreme court noted that a defendant is prejudiced when more than one offense is carved from the same physical "act." "Act" is used by the court in the sense of any overt or outward manifestation which would support a different offense. (*People v. Hawk* (1980), 80 Ill. App. 3d 827, 828, 400 N.E.2d 499.) Thus, in *People v. Mays* (1980), 81 Ill. App. 3d 1090, 1101-02, it was found that each act of pulling the trigger of a gun was an "act" of

sufficient distinctiveness to support a separate offense. In that case, the defendant fired three shots which gave rise to three convictions of aggravated battery. All three convictions were upheld by the court.

In this case, defendant was charged with attempt murder, armed violence, and two counts of aggravated battery as to each of two victims, eight counts in all. The information demonstrates that, as to each victim, the four counts were based upon the single shot which hit the victim. In sum, defendant's two acts of firing the gun, with each shot hitting a separate victim, serve as the basis for charges of eight crimes. The trial court convicted defendant of all four crimes as to each victim.

It is apparent that these multiple convictions operate to defendant's prejudice in that more than one offense has been carved from the same physical act. (*People v. King.*) There can be but one conviction of crime as to each victim in these circumstances. (*People v. Lilly* (1974), 56 Ill. 2d 493, 495, 309 N.E.2d 1.) The conviction and sentence should only be to the greatest offense charged. (*People v. Aliwoli* (1976), 42 Ill. App. 3d 1014, 1023, 356 N.E.2d 891.) Therefore, armed violence being the greatest offense (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33A—2), the convictions on the four counts of aggravated battery and two counts of attempt murder must be vacated.[2]

In light of this determination, it becomes unnecessary to assess defendant's contention that the State failed to prove him guilty of attempt murder beyond a reasonable doubt.

### IV.

Defendant contends that the circumstances of the case demonstrate that the sentence given on all charges, ten years, was excessive and should be reduced.

In light of the fact that we have vacated six of the eight convictions upon which sentence was entered, this case is remanded to the trial court for resentencing. Notice should be taken, however, of a deficiency in the original sentencing which could have required a remand in any event. At the conclusion of the proceedings below, the trial court found defendant

---

[2] In this case, the State chose to rely upon aggravated battery as the underlying felony in the armed violence charges. Under the present facts, the State could have alternately based the armed violence charges upon an allegation of attempt murder as to each victim. Had the State so opted, it would have been required to prove all the elements of attempt murder plus the element of defendant so acting while armed with a dangerous weapon in order to succeed on the armed violence counts. In such circumstances, attempt murder must be viewed as a lesser included offense of armed violence. (*People v. Myers* (1980), 83 Ill. App. 3d 1073, 404 N.E.2d 1082; *People v. Howard* (1979), 78 Ill. App. 3d 858, 862-63, 397 N.E.2d 877.) The holding of *People v. Sass* (1979), 73 Ill. App. 3d 554, 392 N.E.2d 399, that armed violence is a lesser included offense of attempt murder is distinguishable if only because the State there conceded the holding, thus prompting the court to make no further analysis of the issue.

guilty of all eight charges brought against him. The sentence entered by the court was a single 10-year term based upon those eight convictions. The trial transcript and record reflect only this fact in regard to the sentence. The 1977 amendments to the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(b)) contain a legislative directive that specific findings on the record be made by the sentencing judge in imposing a particular sentence. The trial court did not do so. Therefore, in order to comply with the statute, the cause is remanded to provide an opportunity for the trial court to set forth the reasons as to the sentence entered for each of the two offenses of armed violence.

Accordingly, we affirm the convictions entered by the circuit court of Cook County as to each of two counts of armed violence. We vacate the convictions entered by the court as to each of two counts of attempt murder and to each of four counts of aggravated battery. We remand to the circuit court for resentencing in accordance with the above.

Judgment affirmed in part, vacated in part, cause remanded with directions.

PERLIN, P. J., and HARTMAN, J., concur.