Docket Nos. 85524, 85532 cons.–Agenda 6–May 1999.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GOMECINDO TELLEZ-VALENCIA, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBBIE J.

MOORE, Appellant.

Opinion filed November 18, 1999.

JUSTICE HEIPLE delivered the opinion of the court:

Both defendants in this consolidated appeal were convicted of predatory criminal sexual assault of a child. While defendants’ respective appeals were pending, this court invalidated Public Act 89–428, which created this offense. Subsequently, in case No. 85524, the appellate court reversed defendant Gomecindo Tellez-Valencia’s conviction, holding that the State could not amend the charging instrument on appeal. 295 Ill. App. 3d 122. However, the appellate court in No. 85532 affirmed defendant Robbie J. Moore’s conviction, allowing the State to amend the charge on appeal to aggravated criminal sexual assault. 295 Ill. App. 3d 676. We consolidated the two cases, and now hold that, when a defendant is convicted of an offense later held unconstitutional, the State may not amend the charging instrument on appeal.

BACKGROUND

Defendants were both charged with and convicted of predatory criminal sexual assault of a child for acts committed in the spring of 1996. Subsequent to defendants’ convictions, and while their appeals were pending, this court held that Public Act 89–428 was enacted in violation of the single subject rule (Ill. Const. 1970, art. IV, §8) and declared the Act unconstitutional in its entirety. 
Johnson v. Edgar
, 176 Ill. 2d 499 (1997). Shortly thereafter, the General Assembly passed Public Act 89–462, reenacting the offense of predatory criminal sexual assault of a child. Public Act 89–462 did not become effective, however, until May 29, 1996, and by its language, does not apply to offenses occurring before that date.

On appeal, both defendants argued that their convictions were invalid because they were based upon charging instruments that failed to state an offense. The Second District of the Appellate Court reversed the conviction of defendant Tellez-Valencia, holding that only the grand jury could make a substantive change to the defendant’s indictment. 295 Ill. App. 3d at 127. The Fourth District of the Appellate Court, however, reached the opposite result in defendant Moore’s case, holding that the State could amend the trial court’s judgment and sentencing order to change the name of the offense of which defendant was convicted from predatory criminal sexual assault of a child to aggravated criminal sexual assault, thereby effectively amending defendant’s indictment on appeal. In so holding, the court in 
Moore
 noted the identical nature and elements of the two offenses, and reasoned that such an amendment constituted a mere formality, thus affirming the conviction. 295 Ill. App. 3d at 683-84. We granted leave to appeal in order to resolve this conflict in the appellate court.

ANALYSIS

When Public Act 89–428 was held unconstitutional by this court’s ruling in 
Johnson v. Edgar
, 176 Ill. 2d 499 (1997), the offense of predatory criminal sexual assault of a child was rendered void 
ab initio
; that is, it was as if the law never existed. See 
People v. Gersch
, 135 Ill. 2d 384, 390 (1990). Although the General Assembly later reenacted the offense, this reenactment had the effect of creating an entirely new criminal statute. Each defendant’s charging instrument thus failed to state an offense because the statute under which each was charged and prosecuted was not in effect when the alleged offenses occurred. Accordingly, defendants’ convictions for predatory criminal sexual assault of a child cannot stand.

The State argues that amendment of defendants’ charging instruments on appeal to change the name of the offense charged from predatory criminal sexual assault of a child to aggravated criminal sexual assault is merely a formality because the elements of the two crimes, as well as the statutory language and penalties as applied to defendants, are identical. The State reasons that defendants are not prejudiced in any way by such an amendment because each was apprised of the nature and elements from which to prepare a defense, regardless of the specific name given to the alleged criminal act.

While we acknowledge that formal defects in a charging instrument may be amended by the State at any time (see 725 ILCS 5/111–5 (West 1998)), we disagree with the State’s characterization of the proposed amendment in the cases at bar as a mere formality. The committee comments to section 5/111–5 of the Code of Criminal Procedure specifically exclude failure to charge a crime from those defects in a charge considered merely formal and which may be cured by amendment at any time, instead labeling this a substantive defect. See 725 ILCS 5/111–5, Committee Comments–1963 (Smith-Hurd 1992). Further, the defect caused by charging an offense based upon a statute not in effect when the alleged offense occurred is fatal, rendering the entire instrument invalid, and warranting reversal of defendants’ convictions. See 
People v. Wasson
, 175 Ill. App. 3d 851, 854, 855 (1988).

People v. Ryan
, 117 Ill. 2d 28 (1987), upon which the dissent places great weight, is distinguishable and has no application to the case at bar.  In 
Ryan
, the defendants were charged with unlawful possession of a weapon by a felon for acts committed in December 1985 and January 1986. 
Ryan
, 117 Ill. 2d at 30-31. The defendants’ charging instruments, however, incorrectly cited to “Illinois Revised Statutes, 1983,” although the statute which created the offense did not take effect until July 1984.  
Ryan
, 117 Ill. 2d at 37.  This court held that citation to the wrong edition of the Illinois Revised Statutes on defendants’ charging instruments was not a fatal defect and reversed the trial court’s ruling that the informations failed to state an offense. 
Ryan
, 172 Ill. 2d at 37.

Unlike the present case, however, the defendants in 
Ryan 
were charged with an offense that was in existence before, during and after the time the defendants committed their crimes. The offense of predatory criminal sexual assault of a child, by contrast, was rendered nonexistent at the time defendants Moore and Tellez-Valencia committed the acts for which they were convicted. Thus, contrary to the dissent’s contention, what occurred in the case at bar was more than just an error in citation on the defendants’ charging instruments, as was the case in 
Ryan
; both of the instant defendants were charged with and convicted of a nonexistent offense.

The amendment sought by the State to each defendant’s charging instrument is to cure a substantive, not a formal, defect. Accordingly, these amendments may not be made on appeal. The charging instrument in each case is therefore invalid, and each defendant’s conviction must be reversed.

CONCLUSION

For the above reasons, we affirm the judgment of the appellate court in cause No. 85524 and reverse the judgments of the appellate and circuit courts in cause No. 85532.

No. 85524–Affirmed.

No. 85532–Judgments reversed.

JUSTICE RATHJE, dissenting:

Although I am compelled to dissent in this case, my colleagues and I in fact disagree on very little. We agree, for example, that the statutory language defining the offense at issue was in effect when the defendants allegedly committed the offense. Likewise, we agree that, as a consequence of this court’s decision in 
Johnson v. Edgar
, 176 Ill. 2d 499 (1997), the offense at issue remained a part of the aggravated criminal sexual assault statute. 

The only source of contention is the remedy. The defendants were charged with conduct that was unquestionably a crime when committed and has remained a crime ever since. The fact that the charging instruments misnamed the offense is therefore a formal defect that the State should be permitted to amend. Apparently fearing a constitutional deprivation, my colleagues issue an opinion that will result in new trials at which the defendants will be charged with the exact same conduct set forth in the original charging instruments. I believe the majority’s approach is both unwarranted and a clear departure from established precedent. 

The majority reaches the wrong result because of two faulty premises in its analysis. According to my colleagues, these cases involve (1) an offense held unconstitutional, and (2) charging instruments that fail to state offenses. One of these propositions is misleading; the other is simply incorrect. Once these cases are viewed under the correct factual and legal framework, the error of the majority’s conclusion becomes obvious.

CONSTITUTIONALITY

The majority begins by stating that these consolidated cases involve defendants who have been “convicted of an offense later held unconstitutional.” This statement gives new meaning to the phrase “legal fiction.” The statutory language relevant to these appeals is the following:

“[T]he accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed.”

For the purposes of this dissent, I will refer to this language as “the offense.” At all relevant times in these cases, the offense was part of the Illinois Compiled Statutes.

The offense originally appeared in section 12–14(b)(1) of the Criminal Code of 1961 (720 ILCS 5/12–14(b)(1) (West 1994)) and was one of several different ways in which a person could commit aggravated criminal sexual assault. Public Act 89–428 moved the offense from the aggravated criminal sexual assault statute and designated it the separate offense of predatory criminal sexual assault of a child. The offense was then given the new statutory section number 12–14.1(a)(1) (720 ILCS 5/12–14.1(a)(1) (West 1996)). In other words, Public Act 89–428 merely moved the relevant statutory paragraph one section over and gave it a new title and number.
(footnote: 1) The legislature was not creating a new offense; it was merely giving an old offense a new name. When this court invalidated Public Act 89–428 on single subject grounds, the law was restored to its previous state. Thus, the offense was always part of the aggravated criminal sexual assault statute.

The offense has not been held unconstitutional. There is nothing unconstitutional about forbidding persons over 17 years of age from committing acts of sexual penetration with persons under 13 years of age. When the majority states that the offense was held unconstitutional, what the majority really means to say is that the Public Act changing the title of the offense was passed in violation of the single subject clause of the Illinois Constitution.

AMENDMENT OF THE CHARGING INSTRUMENTS

The majority exalts form over substance in holding the defects in the charging instruments to be substantive rather than formal. The majority’s entire analysis of this issue is the simple assertion that failure to charge an offense is a substantive defect. I have no quarrel with this assertion, except that it does not apply to these cases.

The majority opinion contains a significant glaring omission: any analysis of the law that pertains to defects in indictments, specifically which types of defects are substantive and which are formal. In fact, it would be impossible for the majority to discuss the applicable law and reach the conclusion it reaches.

The policy of the courts is to disregard mere technical objections to a charge and to require only that the charging instrument states the essential elements of the offense. 
People v. Cazares
, 86 Ill. App. 3d 612, 615 (1980). Charging instruments may be amended at any time to correct formal defects; a formal defect is one that does not alter the nature and elements of the charged offense. 
People v. Patterson
, 267 Ill. App. 3d 933, 938 (1993).

The rule is well established in Illinois that an incorrect statutory citation in a charging instrument is a formal defect when the defendant suffers no prejudice. See, 
e.g.
, 
Ryan
, 117 Ill. 2d at 36-37 (error in informations citing statute that did not exist was not fatal because defendants suffered no prejudice);
 People v. Dunskus
, 282 Ill. App. 3d 912, 917 (1996) (“An error in the citation of the statute giving rise to the charge is merely a formal defect that is subject to amendment”); 
People v. Melton
, 282 Ill. App. 3d 408, 415 (1996) (“Although the statute cited in the charging documents was no longer in effect, the criminal offense of child endangerment was still embodied in the Criminal Code. Accordingly, defendants’ claim that they were convicted of a nonexistent crime is without merit”); 
People v. Witt
, 227 Ill. App. 3d 936, 944 (1992) (“Where the language of the indictment sufficiently informs a defendant of the charges against him, and defendant cannot demonstrate any prejudice resulting from an incorrect statutory citation, the defect is formal and does not warrant reversal”); 
People v. Harris
, 205 Ill. App. 3d 873, 875-76 (1990) (because the language of the charge was not altered, there was no error when the State was permitted to amend the complaint to change the statutory section); 
People v. House
, 202 Ill. App. 3d 893, 904-05 (1990) (“An error in the citation of a statutory provision is a formal rather than substantive defect, when the amendment does not affect the substance of the charge”); 
People v. Boyd
, 87 Ill. App. 3d 978, 982 (1980) (“a formal defect, such as an incorrect citation of the criminal statute violated, does not require or warrant reversal of a conviction unless the defendant was prejudiced by the miscitation”).

As the majority correctly notes, the failure of a charging instrument to state an offense is a substantive defect. The failure to state an offense means that the charging instrument left out some crucial element so that the allegations do not state a crime. For instance, in 
People v. Johnson
, 43 Ill. App. 3d 559 (1976), an indictment charged the defendant with unlawful use of weapons in violation of section 24–(a)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24–1(a)(10).) That section made it a crime to carry a loaded weapon, but the indictment left out the word “loaded.” Therefore, the court held that the indictment contained a substantive defect because it did not state an offense. 
Johnson
, 43 Ill. App. 3d at 561. See also, 
e.g.
, 
People v. Tucker
, 131 Ill. App. 2d 598, 599 (1971) (complaint for driving under the influence of intoxicating liquor was defective for leaving out the phrase “of intoxicating liquor;” the State could not amend indictment because it failed to state an offense).

The question that must be asked is which of these principles applies to this case. Did the charging instruments fail to state offenses or did they contain incorrect statutory citations? The charging instruments alleged that the defendants were over 17 years of age and committed acts of sexual penetration with victims under 13 years of age. These charging instruments properly charged the defendants with the offense. The effect of this court’s decision in 
Johnson
 is that the offense was always part of the aggravated criminal sexual assault statute, and therefore the charging instruments should have used the term “aggravated criminal sexual assault” rather than “predatory criminal sexual assault of a child.” Although the charging instruments properly stated offenses, the State, through no fault of its own, cited the wrong statute. I ask my colleagues in the majority to open their 1994 statute books, read section 12–14(b)(1) of the Criminal Code of 1961, and explain to me how these charging instruments did not state offenses.  As stated previously, at all relevant times in these cases it was a Class X felony for a person over 17 years of age to commit an act of sexual penetration with a victim under 13 years of age. The only question there has ever been is whether section 720 ILCS 5/12–14(b)(1) and the title “aggravated criminal sexual assault” or section 720 ILCS 5/12–14.1(a)(1) and the title “predatory criminal sexual assault of a child” is the correct citation.

In 
People v. Ryan
, 117 Ill. 2d 28 (1987), the State charged the defendants with unlawful use of weapons by a felon, but cited a statutory compilation that did not contain that offense. The trial judge ruled that the informations did not state offenses. This court reversed, holding that the citations were not so misleading that the defendants could have been prejudiced by them. Writing for a unanimous court, Justice Miller explained that, although the State cited a statutory compilation that predated the existence of the offense, the defendants were given fair notice of the nature and elements of the charges against them. Because the defendants suffered no prejudice, the citation to a nonexistent statute was not fatal. 
Ryan
, 117 Ill. 2d at 36-37.

 Allowing the majority opinion and 
Ryan
 to co-exist violates our obligation to provide the lower courts with clarity of decision. The rule now established is as follows: If the State carelessly and mistakenly cites a statute that does not exist, the defect is formal and does not warrant reversal (
Ryan
); if the State through no fault of its own cites a statute that does not exist, the defect is substantive and requires reversal (
Tellez-Valencia
). We are doing a true disservice to the lower courts by expecting them to reconcile these two decisions.

The majority argues that 
Ryan
 is distinguishable. I agree. In 
Ryan
, if the defendants or their attorneys would have looked up the statute the State cited in the charging instruments, they would have found no such statute. Thus, a question existed whether the defendants were given fair warning of the charges against them. By contrast, if defendants Tellez-Valencia and Moore or their attorneys had checked the statute cited in their charging instruments, they would have learned that they were charged with Class X felonies for being over 17 and committing acts of sexual penetration with victims under the age of 13. Thus, the distinction between the two cases is that the defendants in 
Ryan
 were at least arguably subjected to potential prejudice, yet this court still found the defects to be formal, while the defendants in the cases now before this court suffered no prejudice, yet this court holds that the defects are substantive. The majority’s statement that the defendants in this case, unlike the defendants in 
Ryan
, were charged with an offense that did not exist is simply untrue. At the time defendants were accused of sodomizing children, the exact statutory language the State cited in the charging instruments was in effect in section 12–14(b)(1) of the Criminal Code of 1961 (720 ILCS 5/12–14(b)(1) (West 1994)). 

The majority relies solely on an appellate court decision, 
People v. Wasson
, 175 Ill. App. 3d 851, 854-55 (1988), in which the court held that charging the new aggravated criminal assault statute rather than the old aggravated indecent liberties with a child statute was a substantive defect. Assuming
 arguendo 
that
 Wasson 
was correctly decided, it
 
is distinguishable because, as the court clearly explained, the law governing sex offenses was substantively changed by the enactment of the criminal sexual assault and abuse law of 1984. 
Wasson
, 175 Ill. App. 3d at 854. The State sought to substitute one statute for another that was not the same. Aggravated indecent liberties with a child was committed when a person over the age of 17 committed an act of sexual intercourse with a child under the age of 12 (Ill. Rev. Stat. 1983, ch. 38, par. 11–4.1(a)(1)(A)), while aggravated criminal sexual assault was committed when a person over the age of 17 committed an act of sexual penetration with a person under the age of 13 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12–14(b)(1)). By contrast, the change from aggravated criminal sexual assault to predatory criminal sexual assault of a child was merely a change in statutory titles and section numbers. Unlike the statutes at issue in 
Wasson
, the 
exact same language
 defined both offenses.

Interestingly, the charging instrument in 
Moore
 has already been amended once to reflect the change in the law. The State filed an information charging defendant Moore with committing aggravated criminal sexual assault. When the State determined that the name of the offense had been changed to “predatory criminal sexual assault of a child,” the trial court allowed the State to amend the information to charge the new title and section number. The majority does not address whether this first amendment was also improper.

The defendants in these cases were given fair warning of the charges against them. The defects in the charging instruments were formal because they did not alter the nature and elements of the charged offense. 
Patterson
, 267 Ill. App. 3d at 938. The defendants would suffer no prejudice by allowing the State to amend the charging instruments to reflect the proper statutory titles and section numbers. I invite any member of the majority to explain how the defendants would be prejudiced. I would particularly like to hear how the defendants were not given fair warning of the charges against them, and how the defendants will prepare their defenses differently now that they know that the name of the charged offense is “aggravated criminal sexual assault” rather than “predatory criminal sexual assault of a child.”

The defendants were tried and convicted on the basis of charging instruments that accused them of Class X felonies for being over 17 years of age and committing acts of sexual penetration with victims under 13 years of age. The majority holds that the convictions should be reversed. The effect of this decision is that the defendants will be retried under new charging instruments that will charge the defendants with Class X felonies for being over 17 years of age and committing acts of sexual penetration with victims under 13 years of age. I cannot imagine a greater waste of judicial resources.

CHIEF JUSTICE FREEMAN joins in this dissent.

FOOTNOTES
1:     
1
Public Act 89–428 also added an additional type of predatory criminal sexual assault that involves situations in which the accused causes the victim great bodily harm. See 720 ILCS 5/12–14.1(a)(2) (West 1996). All parties agree that this paragraph is not involved in these cases and that the defendants were charged under paragraph (a)(1).