**2022 IL 127757**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 127757)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
ROBERT LIBRICZ, Appellant.

*Opinion filed November 28, 2022.*

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Anne M. Burke, Neville, Michael J. Burke, Overstreet, and Carter concurred in the judgment and opinion.

**OPINION**

¶ 1       Following a November 2018 bench trial, defendant, Robert Libricz, was convicted of committing various sex offenses against his minor daughter and sentenced to prison. On appeal, defendant argued the indictment was fatally defective and asserted his convictions should be reversed because the alleged period in which the acts took place included time before the effective date of the statute

creating the offense. Although the Second District found two counts in the indictment defective, the appellate court affirmed defendant's convictions and sentences.

¶ 2 Now on appeal, defendant argues counts VI and VIII of the indictment failed to sufficiently charge the offense of predatory criminal sexual assault of a child because the 2-year period in which the alleged criminal conduct occurred included 14 months before the effective date of the statute creating the offense. We affirm.

¶ 3 BACKGROUND

¶ 4 In June 2015, defendant was charged in an 11-count indictment with committing various sex offenses against two of his daughters, D.L. and K.L., between 1987 and 2006, when the victims were minors. Counts I and II charged defendant with the offenses of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 1998)) and criminal sexual assault (720 ILCS 5/12-13(3) (West 2004)), respectively, against D.L., who was born in May 1992. Counts III through XI charged defendant with various sex offenses against K.L., who was born March 27, 1984.

¶ 5 The issue in this appeal centers on counts VI and VIII, which charged defendant with predatory criminal sexual assault of a child. This offense was created by Public Act 89-428, with an effective date of December 13, 1995. Public Act 89-428 was later held unconstitutional by this court in *Johnson v. Edgar*, 176 Ill. 2d 499 (1997), as violating the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8). This rendered the offense of predatory criminal sexual assault of a child "void *ab initio*; that is, it was as if the law never existed." *People v. Tellez-Valencia*, 188 Ill. 2d 523, 526 (1999). The General Assembly later reenacted the offense in Public Act 89-462, with an effective date of May 29, 1996. The legislature's "reenactment had the effect of creating an entirely new criminal statute." *Id.*

¶ 6 Count VI charged that, "on or between March 27, 1995 and March 27, 1997, inclusive," defendant committed the offense of predatory criminal sexual assault of a child, "in violation of Chapter 720, Section 5/12-14.1(a)(1) of the Illinois Compiled Statutes," in that he "knowingly committed an act of sexual penetration

with K.L., who was under 13 years of age when the act was committed," when he "caused his penis to make contact with the vagina and/or anus of K.L." See 720 ILCS 5/12-14.1(a)(1) (West 1998).

¶ 7    Count VIII charged that, "on or between March 27, 1995 and March 27, 1997, inclusive," defendant committed the offense of predatory criminal sexual assault of a child, "in violation of Chapter 720, Section 5/12-14.1(a)(1) of the Illinois Compiled Statutes," in that he "knowingly committed an act of sexual penetration with K.L., who was under 13 years of age when the act was committed," in that he "inserted his penis inside the vagina of K.L." See *id.*

¶ 8    Counts VII and IX charged defendant based on the same alleged acts and time period in counts VI and VIII, respectively. However, counts VII and IX alleged the offense of aggravated criminal sexual assault "in violation of 720 ILCS 5/12-14(b)(1) of the Illinois Compiled Statutes." See *id.* § 12-14(b)(1).

¶ 9    In April 2017, defendant filed a motion for a bill of particulars, arguing he was unable to adequately prepare his defense. Among other things, defendant argued there had "been substantive law changes both within the date ranges as well as in the time period between the specified date ranges and the charging date."

¶ 10    At the August 2017 hearing on the motion, defense counsel noted some of the charges involved a date range "as wide as two years" and "the law on these offenses has changed several times." He argued that, with "such a wide date range[,] *** you don't know what the law is going to be." He also argued "this system was never designed to be a shot in the dark" or one that is figured "out on the fly."

¶ 11    In response, the State argued the alleged crimes occurred within the statute of limitations period and the date of the offense is not an essential factor in child sex cases. Along with providing the best possible information regarding the location of where the offenses took place and the names of the victims, the State indicated the time frames alleged were consistent with the tendered discovery.

¶ 12    Defense counsel responded by noting the law changed over the alleged date ranges of the offenses and then argued "I don't know what law we are talking about, the court doesn't know what law we are talking about, and this isn't supposed to be a guessing game."

¶ 13    Following questioning by the circuit court, the State contended "there really were no changes in the law." Instead, the State suggested "there was simply renumbering and retitling of the same charges," as it involved "the same type of sexual conduct."

¶ 14    The circuit court denied the motion. The court noted "the date of the offense is not an essential factor in child sex offense cases" and "[i]t is permissible to allege a range of dates in which the offenses allegedly occurred." On the question of whether each count gave defendant enough facts to enable him to prepare a defense, the court found that, "[a]s long as the crime occurred within the statute of limitations and prior to the return of the charging instrument, the State need only provide the Defendant with the best information it has as to when the offenses occurred."

¶ 15    In May 2017, defendant filed a motion to dismiss the indictment pursuant to section 114-1(a)(2) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-1(a)(2) (West 2016)), arguing that counts I and III through XI were barred by the statute of limitations. The circuit court denied the motion in October 2018, finding the charges were "viable at each and every extension on the statute of limitations" and the State set forth the statute of limitations as required.

¶ 16    Prior to trial, defendant filed a motion to sever counts I and II with respect to D.L., which the circuit court granted. In November 2018, the matter proceeded to a bench trial. The court granted the State's motion to dismiss counts VII and IX, both of which charged the offense of aggravated criminal sexual assault. The State proceeded on counts III, IV, V, VI, VIII, X, and XI, all of which involved K.L. As the issue in this appeal centers on counts VI and VIII, we will focus our attention on the facts pertaining to those counts.

¶ 17    K.L. testified she was born on March 27, 1984, and defendant is her biological father. She stated he was born in August 1960. When she was "about 11," K.L. was in the family home sleeping on the couch. She awoke to find defendant, who was naked, on top of her. Defendant attempted to penetrate her vagina with his penis. K.L. stated defendant's penis touched her vagina and her anus. On cross-examination, defense counsel asked K.L. about the incident and stated that, "[a]t that time, I believe you said it was somewhere between the ages of 11 and 13." K.L. responded, "[s]omewhere in there."

¶ 18	K.L. also testified about an incident that occurred when she was in sixth grade. She hoped to attend a school dance and asked defendant for permission. He told her she could attend but that she would first have to take a shower. While K.L. showered in the upstairs bathroom, defendant took off his clothes and "got in the shower" with her. Defendant bent her over and penetrated her vagina from behind with his penis. On cross-examination, K.L. testified that, in sixth grade, she was 11 years old and turned 12 during the course of the school year.

¶ 19	D.L. testified regarding other acts of sexual conduct committed by defendant. In 1999, when she was between five and seven years old, she attended a "daddy-daughter dance" with defendant. After they returned home from the dance, she was alone with defendant in his bedroom when he "put his pinky finger in [her] vagina." In one instance between 2004 and 2006, when D.L. was approximately 13 years old, D.L. fell asleep in her parents' bed. She awoke to discover defendant's hand in her pants and "he was rubbing the outside of [her] vagina and sticking his fingers inside of [her] vagina."

¶ 20	In March 2015, K.L. and D.L. went to the McHenry County Sheriff's Office to report the allegations of defendant's abuse and met with Detective Michelle Asplund. In April 2015, K.L. had a recorded telephone conversation with defendant and met with him at his place of employment while wearing a recording device. Both recordings were played at trial.

¶ 21	During the in-person meeting with defendant, K.L. attempted to engage him in conversation about the alleged sexual conduct. At one point, K.L. asked defendant if he was going to apologize to her on his death bed, and he responded: "I thought about that." He later stated: "I guarantee we didn't have a perfect normal family, but I don't think anybody's got a perfect normal family. I never meant to hurt you or anybody, [K.L.]"

¶ 22	As K.L. was saying goodbye to defendant, he said, "Your mom thinks something went on, I don't know why it went on. I loved you the most out of all the kids, [K.L.], you were my first born, you were my pride and joy. I wasn't drunk. I wasn't high. Nothing like that. I loved you. I don't know."

¶ 23    Defendant testified in his own defense. He stated the sexual acts alleged by K.L. and D.L. never happened. He also testified he never did anything sexually inappropriate with either K.L. or D.L.

¶ 24    Following the State's rebuttal and closing arguments, the circuit court found defendant not guilty of count III but guilty on all remaining counts. In considering the various counts, the court found D.L. to be a credible witness and that her testimony corroborated the State's case. The court found defendant's statements to K.L. at his place of employment to be clear and unequivocal, and his attempted explanations on the stand were given no weight.

¶ 25    As to count VI, the circuit court noted the act was alleged to have occurred between March 27, 1995, and March 27, 1997. The court found the State met its burden of proof on all elements of the charged offense. In referring to count VI, the court also stated as follows:

> "Although the Court is convinced beyond a reasonable doubt the incident occurred when [K.L.] was under age 13, the Court does not find [she] was under age 12 when the act occurred. Doubt exists as to the age of 11, as testified to by [K.L.], as [she] could only say she was around 11."

¶ 26    As to count VIII, the circuit court found K.L.'s testimony was credible and that defendant's recorded statements made to K.L. during their in-person meeting, as well as D.L.'s testimony, corroborated K.L.'s testimony. The court found the State proved all elements of count VIII beyond a reasonable doubt.

¶ 27    In December 2018, defendant filed a motion for a new trial, which the circuit court denied. Following a sentencing hearing, the court sentenced defendant to concurrent terms of 5 years in prison on count IV, 12 years on count V, 12 years on count VI, 18 years on count VIII, 5 years on count X, and 8 years on count XI. In March 2019, the court denied defendant's amended motion to reconsider his sentences.

¶ 28    In April 2019, defendant pleaded guilty to count I pertaining to D.L., and the State agreed to dismiss count II. The circuit court sentenced defendant to six years in prison to be served concurrent with the sentences imposed after the bench trial.

¶ 29    On appeal, defendant argued, for the first time, that counts VI and VIII, alleging predatory criminal sexual assault of a child, were fatally defective because the offense did not exist before May 29, 1996, and each count alleged that the act occurred on or between March 27, 1995, and March 27, 1997. 2021 IL App (2d) 190329-U, ¶ 33. He argued his convictions on counts VI and VIII should be vacated because he was prejudiced in the preparation of his defense.

¶ 30    After considering this court's decision in *Tellez-Valencia*, 188 Ill. 2d 523, and the decisions of our appellate court in *People v. Mescall*, 379 Ill. App. 3d 670 (2008), and *People v. Wasson*, 175 Ill. App. 3d 851 (1988), the Second District found counts VI and VIII were defective because defendant was charged "with offenses that did not exist during a significant portion of the alleged periods." 2021 IL App (2d) 190329-U, ¶ 40.

¶ 31    However, the appellate court did not end its analysis there. Instead, it considered "whether 'the indictment apprised the accused of the precise offense charged with enough specificity to (1) allow preparation of his defense and (2) allow pleading a resulting conviction as a bar to future prosecutions arising out of the same conduct.' " *Id.* ¶ 42 (quoting *People v. DiLorenzo*, 169 Ill. 2d 318, 322 (1996)). The court found "defendant was well aware, before trial, that there had been changes in the law during the periods alleged in the indictment" and "counsel had enough information to adequately prepare a defense." *Id.* ¶ 46. The court also found that the allegations in counts VI and VIII, along with the record of proceedings, were "sufficient to allow defendant to plead the judgment to bar any subsequent prosecution for the same conduct." *Id.* ¶ 49. The Second District affirmed the judgment of the circuit court of McHenry County.

¶ 32    In October 2021, defendant petitioned this court for leave to appeal, and we allowed that petition. Ill. S. Ct. R. 315 (eff. Oct. 1, 2021).

¶ 33                                    ANALYSIS

¶ 34    In this appeal, defendant argues counts VI and VIII of the indictment failed to sufficiently charge the offense of predatory criminal sexual assault of a child

because the 2-year period in which the alleged criminal conduct occurred included 14 months before the effective date of the statute creating the offense. The sufficiency of a charging instrument is a question of law we review *de novo*. *People v. Carey*, 2018 IL 121371, ¶ 19.

¶ 35    A criminal defendant has a fundamental right, under both the United States Constitution (U.S. Const. amend. VI) and the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 8), to be informed of the nature and cause of criminal accusations made against him. *Carey*, 2018 IL 121371, ¶ 20; *People v. Meyers*, 158 Ill. 2d 46, 51 (1994). In Illinois, this right is delineated in section 111-3 of the Code (725 ILCS 5/111-3 (West 2010)). *Carey*, 2018 IL 121371, ¶ 20.

> "Section 111-3(a) demands that the charging instrument be in writing, stating the name of the offense and the relevant statutory provision violated, setting forth the nature and elements of the offense and the date and county in which the offense occurred, and naming the accused if known or a reasonably certain description." *Meyers*, 158 Ill. 2d at 51.

¶ 36    Because the failure to charge an offense implicates due process concerns, it may be attacked at any time. *DiLorenzo*, 169 Ill. 2d at 321. However, the timing of the challenge to the charging instrument is important in determining whether reversal of a defendant's conviction is required. *Carey*, 2018 IL 121371, ¶ 21.

¶ 37    "If an indictment or information is challenged before trial in a pretrial motion, the charging instrument must strictly comply with the requirements in section 111-3(a)." *Id.* However, when "the sufficiency of a charging instrument is attacked for the first time on appeal, the standard of review is more liberal." *DiLorenzo*, 169 Ill. 2d at 322. In that instance, "it is sufficient that the indictment apprised the accused of the precise offense charged with enough specificity to (1) allow preparation of his defense and (2) allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." *Id.* "In other words, the appellate court should consider whether the defect in the information or indictment prejudiced the defendant in preparing his defense." *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991); see also *People v. Cuadrado*, 214 Ill. 2d 79, 86 (2005) (noting "posttrial motions attacking the sufficiency of an indictment are subject to a prejudice standard").

¶ 38    In determining whether prejudice exists, "the reviewing court may resort to the record." *Carey*, 2018 IL 121371, ¶ 22. "Thus, the question is whether, in light of the facts of record, the indictment was so imprecise as to prejudice defendant's ability to prepare a defense." *People v. Phillips*, 215 Ill. 2d 554, 562 (2005). "If the reviewing court cannot say that the charging instrument error inhibited the defendant in the preparation of his or her defense, then the court cannot conclude that the defendant suffered any prejudice." *Carey*, 2018 IL 121371, ¶ 22.

¶ 39    Defendant argues the Fourth District's decision in *Wasson*, this court's decision in *Tellez-Valencia*, and the Second District's decision in *Mescall* should control the disposition of his case. We look at each opinion in turn.

¶ 40    In the earliest decision of *Wasson*, 175 Ill. App. 3d at 853, the State charged the defendant with one count of aggravated criminal sexual assault, alleging the offense had been committed between January 1, 1983, and April 24, 1985. The effective date of the statute was July 1, 1984. *Id.* The jury heard evidence that the defendant committed numerous acts over the alleged period, but the trial court refused to instruct the jury that an essential element of the offense was finding that it occurred on or after the statute's effective date. *Id.* at 859.

¶ 41    On appeal, the defendant argued his conviction must be reversed because (1) he was charged via a complaint that alleged the offense of aggravated criminal sexual assault had been committed sometime during a two-year period that commenced well before the effective date of the statute and (2) the State did not prove beyond a reasonable doubt that he committed the offense sometime after it was created by statute. *Id.* at 853.

¶ 42    In addressing the sufficiency of the charging instrument, the Fourth District first noted the defendant had not raised the issue of the defective complaint in the trial court. *Id.* at 854. However, the court found "[t]he serious nature of the State's error compels us to consider this issue nonetheless." *Id.* After setting forth the changes in the applicable law and the effective date, the court found the information alleging the offense of "aggravated criminal sexual assault between January 1, 1983, and April 24, 1985, was defective to the extent it charged the act occurred prior to July 1, 1984." *Id.* The court stated, in part, as follows:

"If an indictment or information contains sufficient information to apprise defendant of the charge with sufficient particularity to prepare his defense and to bar future prosecutions arising out of the same offense, it will be upheld when attacked for the first time on appeal. [Citations.] In this case we consider the flaws in the charging instrument are fatal defects which invalidate the entire instrument and warrant the reversal of defendant's conviction.

While the information adequately apprised defendant of the nature, cause, and elements of the charge against him, it also charged him for conduct which occurred before the statute came into effect. Defendant was hindered in the preparation of his defense because he was forced to answer to crimes for which he could not have been lawfully convicted." *Id.* at 855.

¶ 43 The defendant also argued the trial court erred in refusing to instruct the jury that an essential element of the offense included that the sexual penetration occurred on or after the effective date of the statute. *Id.* at 859. The appellate court found the refusal to instruct the jury was error. *Id.* Further, although the appellate court was convinced that the victim's testimony established that defendant committed an act of aggravated criminal sexual assault after July 1, 1984, without a limiting instruction, it was impossible to know whether the jury's verdict was based on an act that predated the effective date of the charged offense. *Id.* at 859-60. The court reversed the conviction and remanded for a new trial. *Id.* at 860.

¶ 44 Eleven years later, this court considered the validity of the charging instruments in *Tellez-Valencia*, 188 Ill. 2d at 524. In that consolidated case, the defendants were charged with predatory criminal sexual assault of a child for acts committed in the spring of 1996. *Id.* at 525. While their appeals were pending, the law that created the offense was held unconstitutional. *Id.* Shortly thereafter, the legislature reenacted the offense of predatory criminal sexual assault of a child, with an effective date of May 29, 1996. *Id.*

¶ 45 On appeal, the defendants argued their convictions were invalid because they were based on charging instruments that failed to state an offense. *Id.* This court found the charging instruments at issue "failed to state an offense because the statute under which each was charged and prosecuted was not in effect when the alleged offenses occurred." *Id.* at 526. This court held the State could not amend the charging instruments on appeal to allege the offense of aggravated criminal

sexual assault, as the proposed amendment could not be characterized "as a mere formality." *Id.* Moreover, citing *Wasson*, this court found "the defect caused by charging an offense based upon a statute not in effect when the alleged offense occurred is fatal, rendering the entire instrument invalid, and warranting reversal of defendants' convictions." *Id.* at 527 (citing *Wasson*, 175 Ill. App. 3d at 854-55).

¶ 46     In 2008, the Second District in *Mescall* considered, in the context of a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2006)), whether the State's information charging the defendant with predatory criminal sexual assault of a child, based on conduct that allegedly occurred over a period that included time before the effective date of the statute, was void or voidable. *Mescall*, 379 Ill. App. 3d at 670.

¶ 47     Although the appellate court noted "the information was defective because a portion of the conduct complained of was alleged to have occurred before the effective date of the statute," it held the circuit court had jurisdiction to enter the judgment of conviction and thus the order was voidable. *Id.* at 678. Accordingly, the court found the defendant's failure to timely file his section 2-1401 petition barred his claim. *Id.* at 679.

¶ 48     While the indictment in this case apprised defendant of the nature, cause, and elements of the charges against him, it also charged him for conduct that occurred before the statute took effect. As the appellate court determined, we find counts VI and VIII were defective.

¶ 49     Although we find the indictment suffered from a defect, it must be noted that defendant raised the defective nature of counts VI and VIII for the first time on appeal. Thus, in accord with this court's long-standing precedent, we must determine whether "the indictment apprised the accused of the precise offense charged with enough specificity to (1) allow preparation of his defense and (2) allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." *DiLorenzo*, 169 Ill. 2d at 322.

¶ 50     Reading the indictment as a whole, defendant was not prejudiced in the preparation of his defense as to the alleged conduct. The charges notified him of the alleged acts of sexual penetration, identified the time frame in which those acts

were said to have occurred, and alleged the ages of defendant and K.L. at the time the offenses were committed.

¶ 51    Also, prior to May 29, 1996, the alleged sexual penetration was called aggravated criminal sexual assault. After May 29, 1996, the same act was called predatory criminal sexual assault of a child. Although defective, counts VI and VIII put defendant on notice that the alleged sexual penetration was criminal and allowed him to prepare a defense. That defense centered on his claim that the acts of penetration never occurred, not that they did not occur in a specific time frame.

¶ 52    Defendant argues the issue presented does not require a showing of prejudice. In essence, he asks this court to carve out an exception to the prejudice standard and find the defective charges *per se* prejudicial when they allege conduct that occurs prior to the effective date of the statute. We find such a carve-out unnecessary. The effective date of a statute is easy to discover and can be raised prior to trial.

¶ 53    Here, defense counsel had ample opportunity to raise the argument of the statute's effective date prior to trial and even during trial. The effective date of the statute, May 29, 1996, cannot be said to have been impossible to discover given that the charges were brought in 2015. Prior to trial, defense counsel was well aware of the changes in the law and even filed a bill of particulars and a motion to dismiss the indictment. At no time did counsel raise the issue of counts VI and VIII being defective for alleging conduct that occurred prior to the date the statute took effect.

¶ 54    As to defendant's reliance on the decisions in *Wasson*, *Tellez-Valencia*, and *Mescall*, we find those cases distinguishable. *Mescall* involved a question of whether the circuit court's judgment was void or voidable for purposes of considering an untimely section 2-1401 petition. Given the procedural posture of that case, its holding offers no support beyond the fact that the charging instrument was found to be defective.

¶ 55    *Tellez-Valencia* did not consider the issue of raising the sufficiency of the indictment for the first time on appeal or depart from this court's precedent requiring a showing of prejudice. Moreover, the defendants were charged with and convicted of predatory criminal sexual assault before the statute was found unconstitutional in *Johnson*, 176 Ill. 2d 499. Thus, the defendants could not have

set forth a challenge to the charging instrument through a pretrial motion, unlike here where defendant could have challenged the indictment based on the 1999 decision in *Tellez-Valencia* when the charges were filed in 2015. However, he failed to do so.

¶ 56     *Wasson* also does not support reversal of defendant's convictions. In that case, nothing indicates defense counsel knew before trial that the law had changed, in contrast to here where defense counsel knew there had been changes in the law and the effective date of the statute was readily discoverable. Moreover, in *Wasson*, "[t]he State sought to substitute one statute for another that was not the same." *Tellez-Valencia*, 188 Ill. 2d at 534 (Rathje, J., dissenting, joined by Freeman, C.J.) (noting the law governing sex offenses had substantively changed). Here, there was no such substantive change. An act of sexual penetration between an adult and a child under the age of 13 taking place before May 29, 1996, was called aggravated criminal sexual assault. After that date, the same act was labeled predatory criminal sexual assault of a child. Thus, the indictment as a whole put defendant on notice of the alleged criminal conduct, the alleged victim, and the alleged time frame when the offensive conduct occurred.

¶ 57     We note defendant does not raise an argument with respect to the second prong of the sufficiency-of-the-indictment test. Moreover, in neither the appellate court nor this court did defendant make an allegation of ineffective assistance of counsel or claim the trial evidence was insufficient. Thus, we need not address those issues. Accordingly, based on the arguments raised and the applicable case law, we find defendant's convictions for predatory criminal sexual assault of a child in counts VI and VIII must stand.

¶ 58                                 CONCLUSION

¶ 59     For the foregoing reasons, we affirm the judgment of the appellate court, which affirmed defendant's convictions and sentences.

¶ 60     Affirmed.