2025 IL App (2d) 24-0677-U
No. 2-24-0677
Order filed August 7, 2025

**NOTICE**: This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 04-CF-759 04-CF-775 |
| WILLIAM E. SARGENT, | ) ) ) | Honorable Marcy L. Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We agree with appellate counsel that this appeal presents no issue of arguable merit; therefore, we grant counsel's motion to withdraw, and we affirm the trial court's judgment.

¶ 2   This appeal arises from the denial of defendant William E. Sargent's motion to file a successive petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). The Office of the State Appellate Defender (OSAD) was appointed to represent defendant in this appeal. Counsel moves to withdraw. We grant the motion and affirm the judgment below.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was charged with three counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2004)) and two counts of aggravated criminal sexual abuse (*id.* § 12-16(c)(1)(i)). M.G. was the named victim of the offenses (his last name was changed during the proceedings, and we use the name as changed). The offenses allegedly took place between December 2001 and March 2004. The trial court entered an order consolidating the case with one in which defendant was charged with one count of predatory criminal sexual assault of a child (*id.* § 12-14.1(a)(1)) against M.G.'s brother, J.W. In its motion for joinder, the State represented that the alleged offense against J.W. "occurred during [a] similar time frame and [in a] similar location." During pretrial proceedings, the trial court granted the State's motion to admit hearsay statements from the alleged victims. The trial court denied defendant's motion to suppress incriminating statements he made in a police interview.

¶ 5      The matter proceeded to a jury trial on February 26, 2007. M.G., who was six years old at the time of the alleged offenses, testified that he lived with Chad and Mindy at the time of the trial. M.G. previously lived with defendant and Melissa, who "used to be" M.G.'s mom. Defendant and Melissa were married at the time. M.G. could not recall whether defendant did anything to him that he "didn't like" when he lived with defendant and Melissa. However, an investigator with the Department of Children and Family Services testified that, during an interview in an unrelated matter, M.G. recounted that defendant "put[ ] [his] finger in [M.G.'s] butt." Also, in a subsequent interview with the investigator, which was video recorded and admitted at trial, M.G. stated that defendant placed his finger in M.G.'s butt. When questioned further, M.G. indicated that this touching occurred once.

¶ 6     J.W.'s aunt testified that J.W. told her that defendant tried to place his penis in J.W.'s butt at least once a month. J.W. made similar statements in a video-recorded forensic interview, which was admitted at trial. He told the interviewer that he was forced to touch defendant's penis once or twice. He also said that, about once a month, defendant tried to place his penis in J.W.'s butt. In a video-recorded interview with the police, J.W. indicated that defendant stuck his penis in J.W.'s butt about once a month.

¶ 7     J.W., who was 15 at the time of the trial, testified that defendant tried to stick his penis in J.W.'s butt. Asked if defendant "was *** ever able to put his penis in [J.W.'s] butt," J.W. answered, "Yes." When asked if "this happen[ed] once or more than once," J.W. said, "More than once." When asked "how many times it happened," J.W. answered, "Like once a month." The abuse started when J.W. was in fifth grade.

¶ 8     In a video-recorded interview with the police in December 2004, defendant stated that he placed his finger in M.G.'s anus 50 to 70 times during the prior year or year and a half. Defendant also said that he touched J.W.'s anus with his finger 30 to 40 times, often in the shower, and that he masturbated J.W. 20 times. At trial, defendant testified that his statements during the interview were false.

¶ 9     Defendant was found guilty on all charges involving M.G. and J.W. The trial court sentenced defendant to (1) natural life imprisonment for the convictions of predatory criminal sexual assault of a child and (2) seven-year prison sentences for the two convictions of aggravated criminal sexual abuse, to be served concurrently with one another but consecutively to the life sentence for predatory criminal sexual assault of a child. On direct appeal, we affirmed defendant's convictions. However, we modified his sentences so that the sentences for aggravated criminal sexual abuse ran concurrently with the natural life sentence for predatory criminal sexual

assault of a child. *People v. Sargent*, 389 Ill. App. 3d 904, 922 (2009), *aff'd in part and rev'd in part*, 239 Ill. 2d 166. Our supreme court reversed all convictions except two convictions of predatory criminal sexual assault of a child, one involving each victim. *People v. Sargent*, 239 Ill. 2d 166, 185-87, 194 (2010).

¶ 10 In August 2011, defendant filed a *pro se* postconviction petition. The trial court appointed counsel to represent defendant. Counsel filed an amended petition, which proceeded to an evidentiary hearing on the claims that defendant was deprived of the effective assistance of counsel because trial counsel (1) did not move for a determination of the competency of M.G.'s testimony, (2) failed to call at trial a witness who had examined M.G. and found no signs of physical abuse, and (3) failed to tender a formal offer from the State to resolve the case. The hearing also addressed defendant's claim that he received ineffective assistance of counsel on direct appeal because appellate counsel failed to argue that trial counsel provided ineffective assistance in the foregoing respects.

¶ 11 Following an evidentiary hearing, the trial court denied the postconviction petition. Defendant appealed, and the trial court appointed OSAD to represent him. Appellate counsel moved to withdraw, and we granted the motion and affirmed the denial of the postconviction petition. *People v. Sargent*, 2016 IL App (2d) 141264-U.

¶ 12 Defendant subsequently filed petitions for *mandamus*, *habeas corpus*, and relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)). The trial court denied the petitions, defendant appealed, and OSAD was appointed to represent defendant. Appellate counsel moved to withdraw. We granted the motion and affirmed the denial of the petitions. *People v. Sargent*, No. 2-21-0581 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 13 On July 8, 2024, defendant filed what was in substance a motion for leave to file a successive postconviction petition. The proposed petition did not clearly identify its claims. Nonetheless, we discern three: (1) defendant's sentence of natural life was improper because the authorizing statute had been found to violate the single-subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)), (2) the State "never prove[d] that [defendant] ever penetrated the victim's [*sic*] for purpose [*sic*] of sexual gratification" (see 720 ILCS 5/12-14.1 (West 2004)), and (3) defendant's "inculpatory confession" was coerced and should not have been admitted at trial.

¶ 14 The trial court denied the motion for leave to file, defendant filed a notice of appeal, and the trial court appointed OSAD to represent defendant.

¶ 15 Per *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), the appellate defender moves to withdraw as counsel. In his motion, counsel states that he read the record and found no issue of arguable merit. Counsel further states that he advised defendant of his opinion. Counsel supports his motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments as to why those issues lack arguable merit. We advised defendant that he had 30 days to respond to the motion. Defendant filed a response.

¶ 16                                     II. ANALYSIS

¶ 17 Counsel considered raising the following issues on appeal: (1) whether defendant's life sentence was constitutional, (2) whether defendant's life sentence was authorized by statute, (3) whether defendant raised a cognizable claim of actual innocence, and (4) whether defendant made a viable claim that his confession was improperly admitted. However, counsel concluded that none of these issues is arguably meritorious. As explained below, we agree.

¶ 18    The Act provides a mechanism for criminal defendants to obtain relief from convictions that are based on substantial denials of their constitutional rights.  725 ILCS 5/122-1(a)(1) (West 2022).  "A postconviction proceeding is a collateral attack on a final judgment, and constitutional issues that were raised and decided on direct appeal are barred from postconviction consideration by the doctrine of *res judicata*, while issues that could have been raised, but were not, are forfeited."  *People v. Wilson*, 2023 IL 127666, ¶ 22.  Moreover, "[t]he Act contemplates the filing of only a single petition" (*People v. Jackson*, 2021 IL 124818, ¶ 27), and leave of court is required for filing a successive petition (725 ILCS 5/122-1(f) (West 2022)).  Section 122-1(f) of the Act (*id.*) provides, in pertinent part:

> "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure.  For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process."

Defendant has the burden of making a *prima facie* showing of cause and prejudice to justify filing a successive petition.  See *People v. Bailey*, 2017 IL 121450, ¶¶ 48-49.

¶ 19    Leave may also be granted if the defendant raises a claim of actual innocence.  *Wilson*, 2023 IL 127666, ¶ 23.  To establish a claim of actual innocence, the supporting evidence must be (1) newly discovered, (2) material and not cumulative, and (3) of such conclusive character that it would probably change the result on retrial.  *People v. Robinson*, 2020 IL 123849, ¶ 47.

¶ 20    We first consider defendant's claims challenging his sentence. Leaving aside whether defendant has shown cause for failing to bring his claim in his initial postconviction petition, it is clear that the claims are entirely meritless and would not satisfy the prejudice requirement in any event.

¶ 21    Defendant claimed that the statute authorizing his natural life sentence was enacted in violation of the single-subject rule, and he makes the same argument in his response to counsel's motion to withdraw. The offense of predatory criminal sexual assault of a child was created by Public Act 89-428, § 260 (eff. Dec. 13, 1995), which added section 12-14.1 to the Criminal Code of 1961. See 720 ILCS 5/12-14.1 (West 1996). In *Johnson v. Edgar*, 176 Ill. 2d 499, 518, 523 (1997) our supreme court held that Public Act 89-428 violated the single-subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). "This rendered the offense of predatory criminal sexual assault of a child 'void *ab initio*; that is, it was as if the law never existed.' " *People v. Libricz*, 2022 IL 127757, ¶ 5 (quoting *People v. Tellez-Valencia*, 188 Ill. 2d 523, 526 (1999)). However, even before our supreme court issued its decision in *Edgar*, the General Assembly had reenacted section 12-14.1. See Pub. Act 89-462 (eff. May 29, 1996). "The legislature's 'reenactment had the effect of creating an entirely new criminal statute.' " *Libricz*, 2022 IL 127757, ¶ 5 (quoting *Tellez-Valencia*, 188 Ill. 2d at 526).

¶ 22    Public Act 90-396, § 5 (eff. Jan. 1, 1998) added section 12-14.1(b)(2), providing:

"A person who is convicted of a second or subsequent offense of predatory criminal sexual assault of a child, or who is convicted of the offense of predatory criminal sexual assault of a child after having previously been convicted of the offense of criminal sexual assault or the offense of aggravated criminal sexual assault, or who is convicted of the offense of predatory criminal sexual assault of a child after having previously been convicted under

the laws of this State or any other state of an offense that is substantially equivalent to the offense of predatory criminal sexual assault of a child, the offense of aggravated criminal sexual assault or the offense of criminal sexual assault, shall be sentenced to a term of natural life imprisonment. The commission of the second or subsequent offense is required to have been after the initial conviction for this paragraph (2) to apply."

Public Act 91-238, § 5 (eff. Jan. 1, 2000) added section 12-14.1(b)(1.2), providing: "A person convicted of predatory criminal sexual assault of a child committed against 2 or more persons regardless of whether the offenses occurred as the result of the same act or of several related or unrelated acts shall be sentenced to a term of natural life imprisonment."

¶ 23    The offenses in this case took place between December 2001 and March 2004, after the reenactment of section 12-14.1. Although, as originally enacted, section 12-14.1 violated the single-subject rule, there is no arguably meritorious basis for a similar challenge to the reenacted statute and the subsequent amendments of its sentencing provisions.

¶ 24    Defendant also claimed that, because he had no prior conviction of predatory criminal sexual assault of a child, his natural life sentence was unauthorized. He makes the same argument in his response to the motion to withdraw. There is no arguably meritorious basis for the claim. Before section 12-14.1(b)(1.2) took effect, a natural life sentence for predatory criminal sexual assault of a child was authorized only if the offender was previously convicted of that offense or certain other sex offenses. However, defendant's natural life sentence is clearly authorized under 12-14(b)(1.2), which was in effect when the offenses in this case occurred.

¶ 25    We next consider whether defendant was entitled to file a successive petition raising a claim of actual innocence. In his motion for leave to file a successive petition (and in his response to counsel's motion to withdraw) defendant contended that he was not proved guilty beyond a

reasonable doubt. He did not offer any newly discovered evidence. Accordingly, he did not raise a cognizable claim of actual innocence that would entitle him to file a successive petition. See *Robinson*, 2020 IL 123849, ¶ 47.

¶ 26     Finally, we consider whether defendant was entitled to file a successive petition raising a claim that the trial court erred in admitting his confession to the police. "Cause" under section 122-1(f) of the Act "refers to some objective factor external to the defense that impeded [the defendant's] efforts to raise the claim in an earlier proceeding." *People v. Montanez*, 2023 IL 128740, ¶ 77. Defendant filed a pretrial motion to suppress his confession, which was denied, and his confession was admitted at trial. Defendant, who has the burden to make a *prima facie* showing of cause and prejudice under section 122-1(f), has identified no circumstance that prevented him from raising this claim in an earlier proceeding, *i.e.*, on direct appeal or in his numerous subsequent filings in the trial court.

¶ 27                                    III. CONCLUSION

¶ 28     After examining the record, the motion to withdraw, the memorandum of law, and defendant's response, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of De Kalb County.

¶ 29     Affirmed.